GEORGE W. BERRY & COMPANY, plaintiffs in error, *vs.* A. J. MILLER & COMPANY, defendants in error.

Where there are two contesting creditors over a fund in court, and it is ordered that the sheriff do pay a certain amount of the same on a judgment in favor of one, provided he retain a sufficiency to answer the claim of the other, the latter cannot complain that he is injured by such order. If the sheriff has to act on it, it is at his peril, and cannot affect the final rights of the excepting creditor.

Berry & Company *vs.* Miller & Company.

Debtor and creditor. Practice in the Superior Court. Before Judge KIDDOO. Chatham Superior Court. February Term, 1874.

A. J. Miller & Company foreclosed a chattel mortgage held by them against one Samuel S. Miller. The execution was duly levied, but before a sale was had an injunction issued at the instance of George W. Berry & Company, creditors of the mortgagee. An attachment was also levied at their instance on the same property. The injunction was subsequently modified by consent, so far as to allow the sale under the mortgage execution to proceed, the litigation to be continued over the fund. In the absence of counsel for Berry & Company, the court ordered the sheriff to pay over to counsel for Miller & Company a certain portion of the fund then in his hands, "provided he retain out of said proceeds a sufficiency to answer the judgment of the court in the cause of George W. Berry & Company, complainants, and Samuel S. Miller *et al.*, defendants, now pending in equity in this court." To this order counsel for Berry & Company excepted.

Subsequently he moved to vacate said order on grounds immaterial here. This motion was overruled, and he excepted.

Error is assigned upon each of the aforesaid grounds of exception.

HENRY B. TOMPKINS, for plaintiffs in error.

CHARLES N. WEST, by R. H. CLARK, for defendants.

TRIPPE, Judge.

Strictly speaking, it would have been more regular had the court specified in the order what amount of the money should be retained by the sheriff, or to have ordered that some precise sum should be paid out. But that was a matter of more interest to the sheriff than to any one else. The order requires him to retain enough to pay the claim of the excepting

creditors. That claim is for a specific sum, which possibly may be more or less, as it is affected by the time to which interest may be counted. There was more money in the sheriff's hands than plaintiffs in error could demand, unless there was litigation for a series of years over the fund, and they were entitled to interest all that time. There was no one else claiming the excess but defendants in error. If the sheriff pay out too much under the order, it is at his peril, and we do not see how Berry & Company can be injured. . Besides, the mere matter of their probable right to claim that their debt shall bear interest until they receive the fund—if it be finally adjudged to them—is not enough to demand the holding up of a considerable amount of money in excess of their claim, to the injury of the debtor and other creditors, when the remaining fund left in the sheriff's hands under the order, and which, of course, is sufficient to pay plaintiffs' debt at present, may, by an order of the court, be safely disposed of, so that it shall produce precisely the interest that plaintiffs may finally claim.

Judgment affirmed.